

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 APR 18  AM 7:41

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEROY BANKS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2854** |
| **FRANKLIN AMERICAN MORTGAGE CO., et al** | **SECTION "N" (3)** |

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the reference of the District Judge, directing the undersigned to conduct all proceedings. Presently before the Court is a Rule 12 Motion to Dismiss for insufficiency of service of process filed on behalf of defendants, Kristi Little, MidFirst Bank and Mortgage Electronics Registration Systems, Inc. [Rec. Doc. Nos. 37 and 41]. *Via* minute entry order dated January 31, 2005 [Rec. Doc. No. 38], this Court ordered the plaintiff to file any response he may have to the aforesaid motion on or before February 16, 2005, following which the matter would be deemed submitted for decision without oral hearing. Thereafter, Banks filed a "Motion in Opposition/ Petition for Certiorari." [Rec. Doc. No. 49].

The undersigned Magistrate Judge, having considered the record, defendants' motion, plaintiff's written opposition and the applicable law, RECOMMENDS that the Motion to Dismiss filed on behalf of Kristi Little, MidFirst Bank and Mortgage Electronics Registration Systems, Inc. be GRANTED and the plaintiff's claims against the aforesaid defendants be DISMISSED without prejudice pursuant Rule 12(b)(5).



## BACKGROUND

Plaintiff has filed the following claims against numerous defendants, including Kristi Little, MidFirst Bank and Mortgage Electronics Registration Systems, Inc., to wit: (1) negligence; (2) malicious indifference; (3) fraud; (4) conspiracy; (5) breach of contract; (6) wrongful death; (7) violations of 12 U.S.C. Section 2601; (8) violation of 24 CFR Part 3500; (9) violation of Louisiana's Dead Man Statute; and (10) violation of plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution. Plaintiff's claims allegedly arise out of the mortgage and/or closing contract entered into by and between FAMC and Glen C. Banks (plaintiff's now-deceased mother), regarding a residence located at 626-628 S.Alexander Street, New Orleans, Louisiana 70119 (hereinafter referred as the "Property").

## CONTENTIONS OF THE PARTIES

Individual defendant Kristi Little ("Little")is a resident of the State of Oklahoma within the jurisdiction of the United States. Little contends that the plaintiff failed to comply with Rule 4(e), which prescribes the method for effecting proper service upon individuals within a judicial district of United States. Little argues that plaintiff's attempt to effect service upon her by providing a copy of the summons and complaint to David C. McMillan ("McMillan"), an attorney in Monroe, Louisiana, fails to comply with the aforesaid rule.

MidFirst Bank ("MFB") and Mortgage Electronic Registration Systems, Inc. (MERSI), both foreign corporations, contend that service by delivery to McMillan is also ineffective as against them. Both MFB and MERSI are foreign corporations outside of the State of Louisiana, but within the jurisdiction of the United States and thus service must be effected in accordance with Rule 4(h)(1). Defendants submit that plaintiff did not follow the aforesaid rule and that attempted service by

delivery to McMillan is improper. Defendants submit that McMillan did not represent them when process was delivered and that he is not an officer, managing or general agent or person who was otherwise then authorized to receive service of process on behalf of MFB or MERSI.

Plaintiff avers that service was properly effected by the U.S. Marshal by delivering the summonses and complaints to McMillan. Plaintiff argues that the Rule 12(b) defense raised by these defendants is merely "a plot to mislead the court and dodge liability for their violations." *See* Motion in Opposition, at p. 7. Plaintiff further submits that McMillan has acknowledged the fact that he represents the defendants. *Id.* at p. 15. Plaintiff further urges the Court to decide the merits of his conspiracy claims in his favor and, by virtue of such a determination, find that service upon the defendants by delivery to McMillan was proper.

## ANALYSIS

Turning to the merits of the motion to dismiss, plaintiff, a Louisiana resident, admits that he attempted to serve two defendant corporations (MFB and MERSI) and individual defendant (Kristi Little) by delivering the summonses and copies of the complaint to defendant McMillan's office in Monroe, Louisiana. Moreover, plaintiff does not deny that Little is an Oklahoma resident and that both MFB and MERSI are foreign corporations/unincorporated associations. According to its website, MFB is Oklahoma's largest privately owned financial institution (Oklahoma owned and operated).[1] For its part, MERSI is a Delaware corporation with its principal place of business in Virginia.[2]

---

[1] *See* MidFirst Bank, http://www.midfirst.com.

[2] *See Mortgage Electronic Registration Systems, Inc. v. Estrella,* 390 F.3d 522, 525 (7th Cir. 2004) (citing http://www.mersinc.org).

As set forth above, plaintiff, a Louisiana resident, steadfastly argues that McMillan represented the aforesaid defendants in a separate state court proceeding and thus the attempted service was proper as to Little, MFB and MERSI. This Court is mindful of the fact that Banks is proceeding *pro se;* however, this fact does not exempt him from complying with the rules of service.[3] This is particularly true under the circumstances of this case as the plaintiff was previously instructed in writing to abide by the applicable service instruction set forth in Fed. R. Civ. P. 4.[4]

Under Federal Rule of Civil Procedure 4(m), service of the summons and complaint must occur within 120 days of the filing of the complaint and, absent a showing of good cause, the plaintiff's claims against any unserved defendants should be dismissed. The relief sought by defendants – dismissal of the claims as opposed to quashing improper service – is appropriate in this case. Indeed, well over 120 days have passed since the plaintiff filed his complaint against MFB, MERSI and Little. Most notably, at the outset of this case, the plaintiff was specifically cautioned that, notwithstanding actual delivery of the summons and complaint by the U.S. Marshal's Office, it is the plaintiff's duty to insure that *service* of process is otherwise sufficient, to wit:

> "The Court here reminds the plaintiff that it is incumbent upon himself, *not the United States Marshal's Office,* to properly and completely fill out the summons forms with the correct service instructions (*i.e.*, the correct names of the various defendants, their agents for service of process (if applicable), and correct address of each defendant, *inter alia*), so that service of the summons and complaint upon the various defendants

---

[3]*See Kersch v. Derozier,* 851 F.2d 1509, 1512 (5th Cir. 1988) (concluding that the district court erred in denying Derozier's motion to dismiss for insufficient service of process); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981) (*per curiam*) (noting that the right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law).

[4]*See* Minute Entry Order dated November 24, 2004 (italicized emphasis in original) [Rec. Doc. No. 12].

complies with Fed. R. Civ. P. 4."[5]

Rule 12(b)(5) authorizes a court to dismiss a civil action when service of process is inadequate.[6] It is well established that a party may seek dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b) of the Federal Rules of Civil Procedure.[7] The burden of adducing facts and arguments that would establish the validity of service rests with the plaintiff.[8]

Rules 12(b)(4) and 12(b)(5), respectively, provide defenses for insufficiency of process and insufficiency of *service* of process. Fed. R. Civ.P. 12(b)(4), 12(b)(5). The instant motion addresses the insufficiency of *service* of process and thus it shall be treated as one pursuant to Rule 12(b)(5). In addition to constituting grounds for dismissal, insufficient process and/or insufficient service of process also implicate a court's authority to exercise personal jurisdiction over a defendant.[9]

In the present case the defendants, MFB and MERSI apparently do not have offices within the jurisdiction of this Court. Rule 4(h)(1) provides that corporations and unincorporated business

---

[5]*See id.*

[6]*See Ross v. Runyon*, 156 F.R.D. 150, 153-54 (S. D. Tex. 1994) (finding that Stapleton was not authorized to accept service of process on behalf of the APWU because he was neither an officer nor an agent of the APWU and further noting that actual notice is not determinative, because a court lacks jurisdiction to enter a judgment against the defendant unless personal jurisdiction has been obtained by strict compliance with the statute designating the method of obtaining such jurisdiction); *Davis-Wilson v. Hilton Hotels Corp.*, 106 F.R.D. 505, 510 (E. D. La. 1985) (noting that an agent must be expressly appointed for the purpose of receiving service and that service of process is not effectual on an attorney solely by reason of his capacity as an attorney).

[7]*See Albany Ins. Co. v. Almacenadora*, 5 F.3d 907, 909 (5th Cir.1993).

[8]*See Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985).

[9]*See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that, before a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied).

associations located in the United States may be served in two ways. Service is proper "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."[10]

As to the first method, a plaintiff may effect service under the law of the state in which the district court is located or in which service is effected. In Louisiana, service of process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process.[11]

Plaintiff does not contend that McMillan is either MFB's or MERSI's registered agent for service of process. Under Louisiana law, a corporation that does not have a registered agent for service of process may be served "[b]y personal service of any employee of suitable age and discretion at any place where the business of the corporation is regularly conducted."[12] Plaintiff has not even attempted to comply with the provisions of Louisiana law. Indeed, plaintiff made no attempt to locate a suitable agent or employee of MFB or MERSI and simply directed the U.S. Marshal to serve a Louisiana attorney, McMillan, who represented them in a separate proceeding in state court.

Plaintiff's service of MFB and MERSI was ineffective because it did not comply with the personal service requirements of Louisiana law or Rule 4(h)(1). Further, plaintiff did not request or obtain either MFB's or MERSI's waiver of service. Plaintiff offers no applicable legal authority to support his claim that service by delivery to McMillan was proper.

---

[10] Fed. R. Civ. P. 4(h)(1).

[11] See La. Code Civ. P. arts. 1261(A), 1232.

[12] La. Code Civ. P., art. 1261(B)(2).

6

In *Evans v. State of Louisiana*, 2001 WL 1748247 (5th Cir., Dec. 12, 2001), the Fifth Circuit affirmed the district court's judgment pursuant to Rule 12(b)(5), dismissing plaintiff's suit against the defendant corporation. The *Evans* court observed:

> The record fails to show that Evans effected service of process upon "an officer, a managing agent or agent" or "any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). The record also fails to show Evans complied with the state rules for service of process.... Fed. R. Civ. P. 4(e)(1); La. Code Civ. Proc. Ann. art. 1261. Service upon an attorney representing Barron in a separate state court litigation is not effective service. *See Flour Eng'r and Constructors, Inc. v. Southern Pacific Transp. Co.*, 753 F.2d 444, 449 n. 7 (5th Cir. 1985).[13]

Service by delivery to McMillan was insufficient, ineffective and not in compliance with the governing statutes discussed above. Banks' claims against MFB and MERSI should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5), without prejudice as to any right he may have to refile.

As to the individual defendant, Kristi Little, Fed. R. Civ. P. 4(e) provides the governing rule, to wit:

> **(e) Service Upon Individuals Within a Judicial District of the United States.** Unless otherwise provided by federal law, service upon an individual from whom a waiver of service has not been obtained and filed, other than an infant or incompetent person, may be effected in any judicial district of the United States:
>     (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>     (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. Rule 4(e). Louisiana law requires domiciliary or personal service except in certain

---

[13]*Evans v. State of Louisiana*, 2001 WL 1748247 (5th Cir., Dec. 12, 2001) (*per curiam*/unpublished).

circumstances, which do not exist in this case.[14] Moreover, delivery to McMillan was deficient because he was not designated as Little's agent for service of process and did not represent her when process was delivered by the Marshal's Office. The fact that McMillan may represent one or more of the defendants in a separate state court action does not make him their counsel of record in the present litigation or their designated agent for service of process. Plaintiff has failed to abide by the applicable rules governing sufficiency of service for individuals and thus plaintiff's claims against Kristi Little must also be dismissed pursuant to Rule 12(b)(5) for insufficiency of service of process.

The plaintiff has not directed this Court to any law that would authorize McMillan to act as Little, MFB or MERSI's agent for purposes of accepting service of process in this litigation.[15] Plaintiff has pleaded a mountain of "evidence" into the record as attachments to both his complaint and his "motions in opposition/petition for certiorari." None of this "evidence" demonstrates that service upon these defendants by delivering process to McMillan in Monroe, Louisiana was proper/effective service.

Accordingly and for all of the foregoing reasons,

**IT IS RECOMMENDED** that defendants' motion to dismiss be GRANTED and the plaintiff's claims against defendants, Kristi Little, MidFirst Bank and Mortgage Electronic Registration Systems, Inc., be DISMISSED pursuant to Fed. R. Civ. P. Rule 12(b)(5) for insufficiency of service of process without prejudice to any right he may have to refile.

---

[14]*See Westridge v. Poydras Properties, Inc.,* 1995 WL 33698 (E. D. La. Jan. 27, 1995).

[15]*See Gipson v. Township of Bass River,* 82 F.R.D. 122, 125 (D. N. J. 1979) (noting that cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving process is expected).

## OBJECTIONS

A party's failure to file written objections to the findings, conclusions and recommendations of a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district judge, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana this **15th** day of APRIL, 2005.

*[signature]*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**