

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEROY BANKS, III | CIVIL ACTION |
| VERSUS | NO. 04-2854 |
| FRANKLIN AMERICAN MORTGAGE CO., ET AL | SECTION "N" (3) |

REPORT AND RECOMMENDATION

The matter is before the undersigned pursuant to the specific reference of the district judge. On October 20, 2004, *pro se* plaintiff, Leroy Banks, III ("Banks"), filed this action alleging negligence, wrongful death, fraud, conspiracy and various constitutional violations against a number of defendants, including but not limited to defendants, Midland Mortgage Co. and Allstate Insurance Company. Banks' *in forma pauperis* application was granted on October 28, 2004. Notwithstanding the issuance of the undersigned's Rule to Show Cause In Writing,[1] plaintiff's original complaint and amended pleadings remain unserved upon defendants, Midland Mortgage Co.[2] and Allstate Insurance Co.[3]

The undersigned issued a Rule to Show Cause why the plaintiff's claims against the aforesaid defendants should not be dismissed for failure to prosecute and to serve in accordance with Federal Rule of Civil Procedure Rule 4(m). Banks filed no response to the undersigned's Rule 4(m) show cause order seeking to determine the status of service. Plaintiff did not request

---

[1] *See* Order dated May 5, 2005 [Rec. Doc. No. 74].

[2] *See* U.S. Marshal's Return of Service of Summons and Complaint directed to Midland Mortgage Co. returned *unexecuted* [Rec. Doc. No. 30].

[3] A review of the record reveals no attempted service, whatsoever, has been made with respect to Allstate Insurance Company.

an extension of time from this Court's staff. The Court notes that, on May 5, 2005, the district judge granted the plaintiff an extension of 30 days within which to file objections to the undersigned report and recommendation, but that well-more than thirty days has passed and the plaintiff has not filed any objections or response in that regard either. Even assuming that the district judge's granting an extension of time with respect to the filing of objections also tolled the period for filing a response to this Court's show cause order, that time has long-since expired and, as previously noted, no response has been filed to date.

This undersigned Magistrate Judge's show cause order issued May 5, 2005. Rule 4(m) requires that the Court dismiss the plaintiff's claims if it is not served withing one hundred twenty (120) days *absent a showing of good cause* for the failure to comply with the dictates of the rule. Plaintiff has not attempted to demonstrate good cause for his failure to properly serve the defendants, Allstate and Midland Mortgage; approximately eight (8) months has elapsed since suit was filed in this case.

## CONCLUSION

Considering that plaintiff, Leroy Banks, III, filed no evidence or response to show good cause why service was not made upon the aforesaid defendants,

**IT IS RECOMMENDED** that Banks' claims be dismissed without prejudice for failure to serve the defendants, Midland Mortgage Co. and Allstate Insurance Company, in compliance with Federal Rule of Civil Procedure 4(m).

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result form a failure to object. *Douglass v. United States Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 16th day of June, 2005.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**